Let us know who you are and who you represent. Good morning. May it please the Court, I am Robert Slovig. I represent the appellants, Tom Edson and Chestnut Development 1, the plaintiffs in the court below. Good morning. May it please the Court, Michelle Fiola on behalf of the defendants at Feliz, David Horwich and Home Services of America. We are going to give you 15 minutes per side. Folks are probably familiar with the procedures here. Save some time for rebuttal and keep your voice up into the microphone there, which is also for recording and amplification. So we would appreciate that. Thank you. Thank you. The court below made a procedural error that this court must reverse. The trial court granted summary judgment for the real estate broker defendants where there were genuine issues of material fact present. And the court below also resolved inferences presented by the facts in favor of the moving defendants instead of in favor of the plaintiffs opposing the motion. The trial court also made an egregious error of law reading into the statutory causes of action under the Consumer Fraud Act and the Real Estate Licensing Act an extra element of reasonable reliance, which is just not there. In this case, the evidence showed that the real estate brokers made misrepresentations about this property to the prospective purchaser, Tom Edson. And the facts surrounding the whole scenario showed a lot of matters that were contested. Your client was a sophisticated buyer, wasn't he? I think that alone is one of the fact issues, is how sophisticated he was. He was an individual young man, first investment of this size that he had ever made. He was dealing with family money. That's what funded the creation of the corporation. I'm sorry, the limited liability company that actually made the purchase. I think on this record, it's only fair to say that what his level of sophistication was is one of the... Is it a material question? The many questions of... Well, there could be a lot of questions. Why would you say that's material? I don't think it's material to the Consumer Fraud Act because his level of sophistication and whether he relied on the misrepresentations are not relevant to that claim. Likewise, the Real Estate Licensing Act, which requires the broker to deal honestly with a customer like this. It doesn't matter how sophisticated the customer is if the broker is not honest. I don't think it's material there. There is a chance that his level of sophistication could be material to the common law fraud claim and to the common law negligent misrepresentation claim. It was up to the fact finder, I believe, to measure how much sophistication he had and to what extent that allowed him to rely or not to rely on the things he was hearing from this broker about the property and its suitability for the exact kind of development that he had in mind. Making up the zoning, when the defendant made up the zoning, that wasn't all that sophisticated of a move. Well, hindsight is always 20-20. In hindsight, I'm aghast that somebody can look at a zoning map, see that the building is zoned residential, and make up a zoning classification that he knows will be amusing to the ears of the prospective buyer. It sure seems like a question of fact to me. It does to me, too. And that's why I just think that the trial court should not have predicted the outcome of the trial at the summary judgment stage, but instead should have perceived that these and the other factual questions required this case to go to trial. As I said, there's a fact issue about whether my plaintiffs relied on these misrepresentations, but there's two things wrong with the way the trial court handled that question. One of them is that she just decided the facts as to the reasonableness of the reliance and the causation. And second, as I mentioned earlier, she added an element of reasonable reliance to the Consumer Fraud Act claim, which isn't there, and to the Real Estate Licensing Act claim, and it isn't there. Evidence supporting all the elements of those statutory claims was present. And as I said before, I recognize that reliance was material to the common law fraud claim and to the negligent misrepresentation claim, but it was not to the Consumer Fraud Act claim, and it was not material to the Real Estate Licensing Act claim. Whether the reliance caused the ultimate harm is another fact issue that should not have been decided as a matter of law, should have been submitted to the fact finder. I think this is a basic civil procedure case in that regard, where we teach that the analysis should stop when the trial court identifies that material issues of fact are present. Weighing the evidence, as the court below did, is not appropriate on summary judgment, and predicting how the trial is likely to go is not the office of the trial court in the context of a motion for summary judgment. How did the stop and shop, you know, how are they in business? How did that happen? My understanding is that the stop and shop, which was there back when I was young and going to school in that neighborhood, operated under a different zoning classification that the DR-10 came in in a 21st century amendment. Those grandfathers? I think it was, it may have been grandfathered itself, and I believe had it been replaced. Not for future owners? Right. Just for itself? When the stop and shop closed, if it had been replaced immediately by another grocery store, there is a possibility that that one could have been grandfathered, but I don't know that for. But the listing itself said that it was perfect for a grocery store, and that is also a question of fact, given the current zoning. That's correct. And then also at the bottom. Not today's zoning, but the zoning at the time. That's absolutely right. And also at the bottom of an MLS listing, it says something to the effect of this information is believed to be accurate. And on this record, I think we can show that that too was a misrepresentation, because I don't think that the broker defendants believed their made-up zoning classification to be accurate. And I do think it's fairly inferable from the evidence that the broker defendants knew they had a white elephant on their hands, that they couldn't sell because you could not get a new grocery store in there to replace the old stop and shop that had closed many years before, and that that's why it sat on the market for so long. So I think that that's... The defendants knew it was below grade. There's no doubt about that. Hard to believe you can't know that if you've ever been there. So even under the current zoning, it wasn't going to work because it was below grade. That's right. Even though that took quite a bit of analysis to figure out, there are a lot of steps and a lot of back and forth you have to go through in the zoning ordinance to finally come to that conclusion. And we contend that's not something that the law ought to require of a lay purchaser who's reasonably relying on a real estate professional who should know what he's talking about. Is there any relevance to the fact that the purchase contract provided for due diligence attorney review, does that have any relevance to any of the issues? I think, yes, it probably does. And if so? And as you know, there was originally a lawyer in a law firm as defendants in this case, and you'll probably hear more about that. I don't think what happened to the lawyer in the law firm is material to the analysis of summary judgment, which was all determined before trial. So put that aside. Just on this case that you have against the real estate defendants. I think that contract clause gives the broker defendants the opportunity to argue that the action of the lawyer was a break in the chain of proximate causation from their wrongdoing to the ultimate harm. Whether the actions or inactions of the lawyer in fact broke the chain of causation is not for a court to decide in the context of summary judgment. It is for a fact finder to decide at trial. So what happened because of that contract clause I do think could become material, but I don't think it can be pointed to as a basis for summary judgment on the record that was before Judge McGrath at the time she ruled. On the off chance that the case gets sent back for trial, can you address the issue of the late disclosure of the damage evidence? Yes, I can. Whether or not that would still apply today? I hope you didn't mean to signal anything by saying off chance that the case gets remanded. Because we think on remand that the ruling that excluded from evidence at trial certain documents relevant to the damages because they were disclosed only 60 days before trial should be allowed to be reconsidered. The basis of the trial court's ruling on that was that the defendants did not have enough time to evaluate and analyze all that evidence in the time remaining before trial. I am willing to acknowledge that that is a matter of the trial court's discretion. It's a discovery question. But I have to point out in the same context, these defendants have had an extra year and more to evaluate that evidence. And the basis and justification for the trial court's ruling, which I think was questionable, but I recognize it is a matter of discretion. I think on remand the trial court ought to be asked to reconsider that ruling and to allow that evidence to be introduced at trial because the defendants have not been prejudiced by a belated disclosure, but instead have had plenty of time to figure out what to do with that evidence. Your argument in your opening brief says no case law, relying on no case law for the argument, that there was an abuse of discretion. So on what basis, you know, you had an abuse of discretion there. How are we supposed to deal with that when we have nothing to go on that you've given us? Well, it's difficult to get case law on point on a matter like that because of the abuse of discretion standard. Very few cases reach this court on discovery issues. Well, but discovery is still an abuse of discretion. Because a discovery order like that is not going to be appealable on its own at the time. And so working within the standard of abuse of discretion, which I think we all recognize applies, what I think is appropriate for this court to do is to remind the court on remand that trial court, you still have discretion over matters of discovery, but we urge you to reconsider the basis that the defendants were deprived of adequate time to deal with this evidence. Before trial, in the light of the fact that the defendants have now had extra time to analyze and do whatever they can. Do we have to say that? Or is that implied if it's by chance remanded? My concern, if the matter is not addressed, is that we'll face a law of the case argument after remand when I do ask for the ruling to be reconsidered. So I think it's, I think for that reason it was necessary and appropriate for me to raise it as an appealable issue merged into the final judgment. And I think it would be a disservice to the trial court if the court, if this court did not address it and opine about what the next trial judge is free to do regarding that evidence. Would it be unfair to be able to use the fact of an appeal as a basis for saying it was abuse of discretion? I mean, you haven't given us any basis that it's abuse of discretion. But you say, well, we should tell the court, well, now that the year has passed or so, or a couple of years, it should reconsider its ruling. But, again, do you have anything that we can base that on? Well, the very reasoning stated on the record by the trial court that the prejudice she perceived to the defendants was that they did not have enough time to analyze and deal with this evidence. The record now shows that the defendants have had plenty of time to deal with and analyze this evidence. And so that alone would not be a sound basis to prevent this on a matter, on a motion to eliminate it. You'd be in a different situation if the case had gone to trial and you were appealing the court's ruling and also appealing the court's decision to not, to bar you from bringing up that damage. I think it was, yeah, depending on what would have happened at that trial, we would have had a tougher case because of the abuse of discretion standard. And I just, I need to be upfront about that. So if you had lost the case below, you'd be in a different situation coming up and trying to argue something on the abuse of discretion for the sanctions order, right? I would have a tougher time. But conversely, I think that distinction points out that we should have the better of the argument in this context. If there are other questions, I'd like to address them now. If otherwise, I may be seated and reserve what couple of minutes I might have left. Thank you very much. May it please the court, as it previously stated, my name is Michelle Fiola on behalf of the defendants and appellees, David Horwich and Home Services of Illinois. What we're not talking about here or acknowledging is that zoning is a matter of law. It is not a question of fact. The existing zoning of the property was and always has been and is today a matter of public record. What did your client write down or put down on the listing? Was that a fact or was that a legal statement? That is a matter of public record. The thing that he made up? I don't believe he made it up. I believe the testimony. I thought that's what the record indicated, that he didn't, wasn't familiar with it and just added something to it. What the record indicated was that he pulled the information from a prior listing. The prior listing had it as a B1 designation and he added the hyphen 3. So that's making something up. The dash and the hyphen are included in every zoning designation. Like DR 10, there is a hyphen or a dash, whatever you want to call it. The previous listing, let's be clear, was B1. That's correct. And he decided to just pull out of the air hyphen 3. He did add the hyphen 3. How is that not fact? Again, because the zoning in and of itself is a matter of public record. The question is whether or not he did it, not whether it exists. The question is whether or not he did that. That would be a question of fact. I don't believe it's a question of fact. There's no question that he added the hyphen 3. I think the record's clear on that. You get a pass for that. We don't get a pass for it. The issue is it's a matter of law that's equal access to the buyer, in this case the plaintiffs, of the property. It's not giving them a pass. It's recognizing that. You got a pass in the trial court. You got summary judgment in your favor, even though your client put down fallacious information, making up information about the seminal issue in this entire dispute, whether or not the zoning would be appropriate for the uses that he had intended and that you folks had advertised it for. But, again, the zoning in and of itself, what the property is designated as zoning, right, is a matter of public record. No, it wasn't. Equally accessible. I apologize. Go ahead. It turns out that both B-1 and B-1-3 are incorrect. They were incorrect at the time the property was purchased. It was, in fact, DR-10. But, again, that is why there is well-settled law that you cannot be held liable for misrepresentations of a matter of law because it anticipates that people may make mistakes. No. Here's what I'm reading from your brief. Yes. At the time Horwich created the listing in the MLS, Horwich believed there was no way to tell what the zoning of the commercial space. No way to tell. Yet he put down something. Is that correct? Did he put down a zoning? Yes or no? There is zoning reflected in the listing. And he put that down, which was a zoning that doesn't exist. Is that correct? That zoning, dash 3, with the dash 3? I don't think that there's anything in the record to suggest B-1-3 doesn't exist. What the issue is. It does exist? Is that you're saying the record reflects it does exist? The record simply reflects that at the time that the property was purchased, the zoning was DR-10. And what he reflected in the listing. Well, if the zoning was DR-10, then why didn't he put down DR-10? It was so easy to find out. All you had to do was go online. Why didn't he put down DR-10? The issue then becomes, however, that simply because what Mr. Horwich put down or what he could or could not figure out does in no way excuse the buyers here, the plaintiffs, from ascertaining the information that's readily available to them. It wasn't readily available. He didn't even say there was no way to tell. What does that mean? What do the words no way to tell mean? That's what Mr. Horwich stated for him. That's your client? Yes, correct. And that's what he stated for him. There was no way for him to tell. So there's no way to tell. Let's just make it up. That's okay? And that doesn't go to a jury? That doesn't go to a jury because it's a matter of law. Because, again. I don't think you're even close on that one. I think the court was way out of line on that issue. Way out of line. There's support in the case law for issues just like this. You see it in the city of Aurora versus Green Matter, the Hammings Matter. Those were cases in which zoning, the existing zoning of a property, which is what we have here, was found to be a matter of public record. It is a matter of law. The existing zoning here, you say there was no way to tell. Because we're talking about the units that are being sold here, below the building, the space, and there was no way to tell. So it's not like those other cases. It's very different, isn't it? No, I disagree. I believe it's similar to those line of cases because it's an issue of zoning. It's a classification. Well, then why didn't he get the correct zoning? Why he didn't get the correct zoning doesn't mean that the zoning in and of itself isn't a matter of public record. It is a matter of public record. As Justice Levin said, he can just make it up. He can just make it up. Even though you say anybody can check and find out what the zoning is, he made it up. Again, the plaintiffs had the ability and they could have availed themselves of what the zoning was. They should have proved that your guy was not telling the truth. That's what you're telling us. If they had gone and checked the zoning, as they should have, as a sophisticated commercial buyer. Prove that I'm a liar. That's what you're supposed to do. Again, it's a matter of public record that they had equal access to. What the law does not allow us to do is to close our eyes to information that's readily available to us and then turn around and charge another with deceit. Does the law allow you to make it up when you don't know what it is because there's no way to tell? Again, the law provides. That's why we have this carve-out. That's why you have this idea of a matter of law versus a matter of fact. The issue being that people may make mistakes. The zoning may change. This wasn't a mistake. This is not a mistake. This is not a mistake. And if what you say is true, then he should have had the DR-10. You said it. If what you say is true, then anybody can look it up. Then there's no reason that he couldn't stay with DR-10 rather than there was no way to tell. That's the problem with this case versus the cases you rely on, isn't it? I don't believe so because, again, what Mr. Horwich knew and what he put down is not relevant in the analysis of whether or not zoning in and of itself is a matter of law. Well, it's not zoning in and of itself. He was selling the space for a grocery. And he knew that Mr. Edson brought in a potential buyer of the property from him or a lease that was a grocery. And they even saw a refrigerator. He pointed out the refrigerators, the refrigeration material that's still down there, and the layout and all this stuff. He knew exactly what it was going to be used for. And if it was so simple as you say, then he should be able to tell it was DR-10-2? Again, I just have to, and I keep going back to the same point because I think it needs to be noted, that what Mr. Horwich knew does not excuse the plaintiff, the buyers, from doing their due diligence and ascertaining whether or not, whatever the zoning is, that it's accurate for what they intend to use it for. That's reliance. They don't have to rely on it. Whereas in the Consumer Fraud Act, there's no reliance. There is no reliance. You concede that. So you're losing that one, right? Well, no, because what the Consumer Fraud Act and where reliance comes into play, and again, whether or not the lower court's reasoning whether or not this court were to agree with it, that's not what's on issue here. You're looking at the ultimate judgment, right? So what the court's looking at is there's this discussion about whether or not you're entitled to rely on misrepresentations of law. And that's where it comes into play from a consumer fraud standpoint, because you're not entitled to rely on misrepresentations of law. They're not material facts, which is a requirement under consumer fraud. So the issue becomes when you're talking about reliance that goes reasonable reliance or justified reliance goes to the common law fraud and the negligent misrepresentation. I would agree with that. There is this idea of reliance in the sense of are you entitled to rely on misstatements of law? And the answer is no, you are not. So you're entitled to lie about the law. Try that with the jury. Let's see how well that argument goes with the jury. The intent, the word intent, with the intent to rely, that applies to the defendant in this case. What was the defendant's intent? Not what the plaintiff did, but what the defendant did. So what you're saying is, oh, it's okay because he didn't, even though he made up this zoning and even though he said in the listing this is perfect for a grocery store, and even though it turned out that that wasn't true, and even though he said, oh, I couldn't even figure it out, all of that doesn't indicate that he had an intent to cause his plaintiff to rely on his representation. No, because, again, you're not entitled to rely on a matter of law. No, you're not required to rely. The plaintiff's not entitled, not required to prove that the plaintiff actually relied on it. The plaintiff is only required to prove that the defendant intended for the plaintiff to rely on it. And I've just given you four things that the defendant did that would indicate that he intended the plaintiff to rely on it. But, again, I mean, I think if you're going down that path, then you have to look at what the listing itself said, and it specifically says to use your due diligence that the information is not guaranteed. And that, again, is why when you're talking about a matter of pure law, which is the existing zoning of a property, you're not entitled to rely on it. So you agree there's a question of fact here, and we should reverse the summary judgment, because apparently there's all this evidence there that the judge herself weighed and made determinations in favor of the defendant. No, I don't believe you ever get to a reasonable reliance analysis. I don't believe you do, because I think under both consumer fraud, common law fraud, negligent misrepresentation, what you need to have is a misstatement of a material fact, a misrepresentation of a material fact. Wait, not a misrepresentation, an absolute creation of a material fact. He didn't misrepresent it. He just pulled it out of thin air, B-1-3. I would say that's akin to a misrepresentation. It's a fabrication. It's a misrepresentation, but it's not one of a material fact. It's one of a law. So if we disagree with you on that theory, you lose everything. No, I don't believe so. I believe the court further, when you look at the analysis on reasonable reliance, if you get there, which I don't believe this court need to, but if this court were to, let's say we do, because let's say we do. Understood. You look at then the facts, the undisputed facts, the undisputed facts that were presented here. You have a sophisticated buyer. Well, we've heard that that's not so clear. Well, that's the first time I'm hearing that today, because they opened their brief by saying to this court that their client is a real estate investor and developer. That doesn't mean he's sophisticated. And that he, well, the record is clear that he has done this. This is not the first time that he's purchased a commercial building. He's testified in the past when he has purchased commercial buildings, he hires an attorney to check the zoning for it. Would he have to prove that this is the first time that your client lied about what the zoning is in a dispute? Again, I think the issue is to get one free bite of the, like a one free bite in a dog bite case. What I think, again, this is an issue of law. And the fact that Mr. Horwich put down a zoning classification that turned out to be inaccurate does not excuse the plaintiffs, the buyers, from availing themselves of information that is readily accessible to them. If you allow them. That's your problem, though. You keep saying readily available. If it was readily available, then why didn't Mr. Horwich know? That's not the standard that this court needs. You're not answering my question. Why didn't Mr. Horwich know that it was so readily available? We don't know why Mr. Horwich didn't know. But, again, it doesn't matter because what Mr. Horwich knew and what he could ascertain does not impact or change the fact, the very fact, that zoning is a matter of law. Someone's ignorance of the law does not excuse someone else from knowing the law. And the point here that has to be made is that the plaintiffs, they have the response. It's in ordinary prudence. They are not suggesting that the zoning was in the exclusive knowledge of the defendant. I think this should be an issue that's not one before this court, that zoning is a matter of public record. But it is a question of fact whether or not by adding the hyphen 3, he made it appear that this was going to be okay for commercial use, which it wouldn't have been if it just said B1. No, I disagree with that. Either way, under B1, if it was available for commercial use, again, this was the former stop and shop. He didn't make that up. When they went there, the grocery cases were still there. It's operated as a stop and shop. This property was on the market for years prior. He took the information from the prior listing. Yes, he added the dash or the hyphen 3. But at the end of the day, and it bears repeating, this is a matter of law. This is something that's publicly. All you're talking about there is facts, facts, facts. But you're saying, according to you, it's a matter of law. So you've got facts on one side, and then you have fiction on the other. And the fiction here comes from your client. And you've got summary judgment. I don't see any facts there to issue. Zoning in and of itself is a matter of law. What a property is zoned is a matter of law that is publicly available. Even his own witnesses said as much. Let's just fast forward. We're done with this case. Say, for example, we say, yep, you brokers, you can't just make up zoning. You have to pay more attention to it. And you certainly can't add zoning that doesn't exist. And we say that. Into the future, brokers would have some guidelines. They would know, hey, don't make up stuff. So the alternative, your alternative is for us not to say that and let brokers willy-nilly just make up whatever they want. Is that the result that you think is a good result for a court of appeals where 99% of the cases that we hear are actually the ones that make the law? No. What I think is a good result is to stick with the existing case law, which is zoning, the issue of zoning. There are other areas of the law that this Court has already weighed in where there are material facts. We're just talking about brokers here. We're talking about brokers and we're talking about zoning. And zoning is a matter of law. If you put a responsibility on a broker to make a determination as to what is a matter of law in a public record, that is a very slippery slope and will have a chilling effect potentially on the real estate industry as a whole. What if we put a requirement on brokers not to make stuff up? Well, I believe there already is a requirement on brokers to not make stuff up. Exactly. But not when it comes to the matter of law. Okay. Counsel, why don't you use your remaining time to try to persuade us that the 219 order should not be reversed on remand? For the reasons that have already kind of come up in the earlier argument. But, again, this is clearly a discovery sanction. The motion to bar was brought under 219C, which is a discovery sanction. The standard here to be applied is abusive discretion, and the plaintiffs have offered no reason why the trial court abused its discretion in barring evidence as to damages that came within less than 60 days of trial. And to somehow suggest that by reasons of the appeal that my clients have since had plenty of time since they were granted summary judgment to go into further delve into those documents just belies existing case law and common law and common sense, frankly. We're certainly not going to go ahead and engage in discovery on a case in which we've been granted summary judgment all this time and say, well, now if we get sent back, oh, well, that stuff can come in because we weren't prejudiced by it. The discovery was closed at the time that the documents were submitted. We were less than 60 days out from trial. You were one day left, right? Fifty-eight, so two. I think it was 58. Forty-eight hours. Yeah. Forty-eight to 48 hours, correct. And the rules are the rules. And not to mention, but not only was it 58 days, but that discovery, the request for the damages discovery had come years prior. This is a 2014 case. We issued discovery, I believe, back in 2015. We had been asking for information regarding damages from day one, and the information that was provided wasn't information that was recent. This was assessment information, information that would have been in plaintiff's control well before the 58 days before trial. And, again, plaintiffs have not offered any reason why the trial court abused its discretion in granting the discovery sanction and barring the evidence of damages. So if this court has nothing further, thank you. And we would ask simply that this court affirm the trial court's decision and grant summary judgment in defendant's favor. Thank you. Please, Court, I will try to be very brief. On the matter of guidance to brokers in the future, I think that's important under the honesty requirement of the Real Estate License Act. The gist of that is that a bad guess is just as harmful to the customer as a deliberate falsehood, and that's why even the defense here concedes you can't make stuff up. Excuse me, a broker could always just say, I don't know what the zoning is. No, I couldn't find it. You're on your own client. You could easily say that. That would have been a more honest thing to do. Say, I can't find it. You go figure it out. It would have been an honest thing to do. Now, the Real Estate Institute says that part of the services of a realtor to a client is to check the zoning of the property and also to determine the highest and best use, but I don't think he's got a legal obligation to do that. But he does have a legal obligation not to make stuff up. And the other point I wanted to address is that the defense relies on what I think is a false dichotomy between matters of law and matters of fact. What the broker misrepresented to this customer was not a pure matter of law, and I want to call attention to some of the cases we've already cited, like Gilmore, where what the broker said was, this place is good for a dentist. I think that's quite a bit like what this one said, where he said it's perfect for a grocery store. That was an actionable misrepresentation. Perkins v. Collette, the broker said, getting a building permit is going to be no problem. One could make the argument that that is infringing on the practice of law and the administrative process of applying for a building permit and opining on how that's going to turn out. It was an actionable misrepresentation. Kinsey v. Scott, five-unit building, but only four of them were legal. That representation was an actionable misrepresentation of that. And that's why, in this case, when you look at the whole picture of what the broker knew about the property, what he knew about the customer and the customer's intentions, all needs to go into the analysis of what he had a right to say, and then, as I said before, everything after that is a fact issue about the entitlement of the customer to rely on it and whether it ultimately caused the damage. For all those reasons, we think you should reverse and instruct the court below. Thank you very much. Thank you. We will take the matter under advisement, and point of order here, terrific briefing, terrific advocacy on both sides. It's great to see people at the right level of the profession doing their job for their clients. We really appreciate it. We're adjourned.